# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1467V
Filed: June 28, 2019
UNPUBLISHED

| | |
|---|---|
| LINDSAY HIATT,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs;<br>Administrative Time; First Class<br>Airline Ticket; |

*Michael G. McLaren*, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On November 7, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that the Hepatitis B ("Hep B") vaccine caused her to develop a left-sided shoulder injury related to vaccine administration ("SIRVA") and that she experienced residual effects of this injury for more than six months. Petition at 1. On December 12, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 57.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 2, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 62. Petitioner requests attorneys' fees in the amount of $35,122.20 and attorneys' costs in the amount of $2,978.64. *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. ECF No. 62-3. Thus, the total amount requested is $38,100.84.

On May 23, 2019, respondent filed a response to petitioner's motion. ECF No. 63. Respondent states that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

    **I.**    **Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

**II.     Attorneys' Fees**

    A. Hourly Rates

        i.     Michael G. McLaren

Petitioner requests the following rates for attorney Michael G. McLaren: $425 for work performed in 2016, $440 for work performed in 2017, $456 for work performed in 2018 and $473.00 for work performed in 2019. ECF No. 68-2 at 38.  For the 2016 – 2018 hourly rates these rates have been previously awarded to Mr. McLaren and the undersigned awards them herein.  Regarding the requested 2019 hourly rate of $473, this amount exceeds Mr. McLarens' experience range of attorneys with over 31 years' experience.[3]  The undersigned will award an increase, however reduces the requested rate to $464 per hour.  This results in a reduction in the amount of **$0.90**.[4]

    B. Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209.  Billing records show that three attorneys, including two partners, and two law clerks billed time in this matter.  Together the staff billed 68 separate line item entries reviewing CMECF entries throughout the case.  This resulted a total of 9 hours billed or $2,759.10, in time billed reviewing the notifications.  The motion for attorney fees does not include supporting documentation to support the necessity of having multiple people review and notate the same notifications.

The undersigned also finds that the total number of hours billed by the attorneys, law clerks and paralegals regarding internal communications to be excessive.  Over 14 hours was billed solely for the staff to discuss the case internally, draft and read internal emails, inter-office meetings, developing case strategies, and preparing instructions for staff with plans to proceed with the case.  Examples of these entries include:

- August 18, 2016 (0.10 hrs) "Email to Carmen Garcia to coordinate requesting records for client instructions medical records"

---

[3] The schedule for 2019 is available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914

[4] This amount consists of $473 - $464 = $9 x 0.10 hrs - $0.90.

- November 7, 2016 (0.10 hrs) "Email to and from Chris Webb regarding filing petition today"
- June 28, 2016 (0.10 hrs) "Correspondence to Samantha Ward regarding requests to be sent"
- January 13, 2017 (0.10 hrs) "Discuss case status and develop strategy going forward"
- January 30, 2017 (0.20 hrs) "Develop strategy and plan of action for moving forward and note file for follow up"
- March 9, 2017 (0.10 hrs) "Correspondence from Chris Webb regarding requesting orthopedic records"
- April; 5, 2017 (0.20 hrs) "Go over status report and office conference regarding status of same"
- April 28, 2017 (0.20 hrs) "Oversee records collection"
- May 3, 2017 (0.40 hrs) "Correspondence with Chris Webb regarding missing records"
- March 7, 2018 (0.30 hrs) "Confer with staff regarding missing records; note file for follow up"

ECF No. 62-2 at 3,6,10-13 and 20.[5]

### C. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Examples of these entries include:

- November 7, 2016 (0.10 hrs) "Receive, review and note petition filing notice"
- December 16, 2016 (0.10 hrs) "Work on scanning"
- December 16, 2016 (0.20 hrs) "Work on saving documents to subfile; update provider chart; copy of records sent to Samantha Ward"
- December 28, 2016 (0.20 hrs) "Work on creating list for file folders"
- May 3, 2017 (0.30 hrs) "Receipt of medical records from Kinetix Physical Therapy; work on scanning and saving to subfile; update provider chart; correspondence to Chris Webb with copy of medical records attached"
- May 25, 2017 (0.10 hrs) "Conversation with Sherry Fearon regarding payment of invoice"

---

[5] These are merely examples and not an exhaustive list.

- October 31, 2017 (0.10 hrs) "Save to file status report filed yesterday"
- December 28, 2016 (0.10 hrs) "Work on creating list for file folders"

ECF No. 62-2 at 7, 9, 13-14 and 17.[6]

For the reasons listed above, the undersigned finds a reduction of fees appropriate. The undersigned reduces the overall request for attorneys' fees by 5%, for a total reduction of **$1,756.07**.

## II. Attorney Costs

Petitioner seeks $2,815.92 in attorneys' costs that include costs for travel, medical records, postage and filing. Upon review the undersigned notices multiple repeating issues regarding the amount of costs requested for reimbursement including costs for airfare, meals and incidentals.  All travel was billed by an associate attorney of Black McLaren, attorney Chris Webb. Mr. Webb has previously had applications for attorney fees and costs reduced for the same reasons listed below.

### A. Airline Tickets

The client visit took place between Sunday November 13 – Tuesday November 15, 2016, with a connection through Los Angeles, California.  ECF No. 62-2 at 40.  As the petitioner lived in an area that in not located near a major airport, a second ticket was needed from Los Angeles to San Luis Obispo, California. *Id.* at 45.  Mr. Webb submitted reimbursement for his first-class travel ticket from Memphis, Tennessee to Los Angeles, California, in the amount of $924.70.  *Id.*  Mr. Webb attempted to justify the first-class ticket by stating this was the "cheaper" option for a flight.  *Id.* at 45.  The undersigned notes that airfare is subject to wide-ranging price differentials based upon, other factors, the date on which the flight is booked, and one curated data point cannot be extrapolated to show that a first-class flight was the most reasonable option of travel. Mr. Webb has previously had requests for costs reduced for purchasing first class airfare with the justification of it being the "cheaper" option. *Wright v. Sec'y of Health & Human Servs.*, No. 12-0423V, Slip Op. at 144 (Fed. Cl. Spec. Mstr. December 10, 2018).  Because the Vaccine Program does not compensate for first-class airfare, the undersigned reduces the amount of the airline ticket by half, a total reduction of **$462.35**.[7]

### IV. Conclusion

---

[6] These are merely examples and not an exhaustive list.

[7] This amount is consists of $924.70/2 = $462.35

5

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

| | |
|---|---:|
| Requested attorneys' fees: | $35,122.20 |
| Reductions: | -  1,756.97 |
| **Adjusted Fees Total:** | **$33,365.23** |
| Requested attorney costs: | $2,815.92 |
| Reductions: | -  462.35 |
| **Adjusted Costs Total:** | **$2,353.57** |
| **Total Attorneys' Fees and Costs Awarded:** | **$35,718.80** |

**Accordingly, the undersigned awards the total of $35,718.80[8] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Michael G. McLaren.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

>                                   **s/Nora Beth Dorsey**
>                                   Nora Beth Dorsey
>                                   Chief Special Master

---

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.